[No. 2,096.]

## HIMMELMAN v. BYRNE.

ORDER FOR STREET WORK.—An order of the Board of Supervisors of the City and County of San Francisco authorizing the Clerk of the Board to advertise for proposals to do street work is sufficient, although it do not mention sealed proposals nor specify the time or place of giving notice.

PETITION for rehearing.

The appeal in this case having been decided at the January term, 1871, upon the authority of *Chambers* v. *Satterleè*, 40 Cal. 497, the defendant, Byrne, by his attorneys, S. H. Brodie, Byrne & Freelon, moved for a rehearing, upon the ground that the decision of the Court had not included the point that the Board did not cause notice to be published for five days nor cause the notice to be conspicuously posted in the Superintendent's office inviting sealed proposals for the work. His counsel argued that the order of the Board failed to comply with the requirements of the statute, and cited *Meuser* v. *Risdon*, 36 Cal. 239; *Heyman* v. *Babcock*, 30 Cal. 367; *Himmelman* v. *Reay*, 38 Cal. 163; *Hewes* v. *Reis*, 40 Cal. 255; and *Blanchard* v. *Beideman*, 18 Cal. 262.

By the Court, WALLACE, J.:

The words of the order of the Board here were: "the Clerk is hereby authorized to advertise for proposals to do

the work." In *Meuser* v. *Risdon*, 36 Cal. 239, relied upon by respondents, the words of the order were these: "and the Clerk of the Board is hereby directed to advertise for proposals for doing said work." The two orders are thus seen to be substantially—almost literally—identical. Neither of them mentions sealed proposals, nor gives time or place of giving notice. Yet it was not doubted in *Meuser* v. *Risdon* that the order was sufficient. It was, indeed, impliedly held good, for the point decided there was, that though the order for notice would support an award of a contract in the first instance, yet, after default had been made in the performance of that contract, the order to give the notice should have been repeated by the Board before the Clerk could proceed anew to give notice of a reletting of the contract.

Petition for rehearing denied.